UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JUAN OSCAR CRUZ-COLMENARES,

Petitioner,

v.

PATRICK DIVVER, FIELD OFFICE DIRECTOR OF ENFORCEMENT AND REMOVAL OPERATIONS, SAN DIEGO FIELD OFFICE, IMMIGRATION AND CUSTOMS ENFORCEMENT; CHRISTOPHER J. LAROSE, WARDEN OF OMDC,

Respondents.

Case No.:  3:26-cv-02635-LEK-JLB

**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

Before this Court is Petitioner Juan Oscar Cruz-Colmenares's ("Petitioner") petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), filed on April 24, 2026. [Dkt. no. 1.] Patrick Divver, Field Office Director of Enforcement and Removal Operations, San Diego Field Office, Immigration and Customs Enforcement and Christopher J. LaRose, Warden of Otay Mesa Detention Center ("OMDC") (collectively, "Respondents"), filed a Response to Petition ("Response") on May 5, 2026. [Dkt. no. 5.]

Petitioner, a native and citizen of Mexico, entered the United States without inspection in 1988. [Petition at ¶¶ 14-15.] Petitioner alleges that he is currently detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division, at the OMDC in San Diego, California. [Id. at

¶ 10.] Petitioner was detained on April 22, 2026. See id. at ¶ 18. Petitioner alleges he is entitled to, *inter alia*, release and a bond hearing. See id. at pg. 9.

Respondents concede that "Petitioner appears to be a member of the Bond Eligible Class certified in Maldonado Bautista v. Santacruz." Response at 1; see also Maldonado Bautista v. Santacruz, 813 F. Supp. 3d 1084, 1124 (C.D. Cal. 2025).[1] Respondents also acknowledges that, while Maldonado Bautista is stayed, "prior orders from this District direct[] bond hearings pursuant to 8 U.S.C. § 1226(a) in similar cases." [Response at 2 (citation omitted).] "Respondents therefore do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." [Id.] Therefore, this Court grants Petitioner's request for a bond hearing.

Petitioner has also requested that this Court award him attorney's fees and costs. See Petition at pg. 9. This Court will consider an application requesting reasonable attorney's fees and costs that is filed within thirty days of the entry of judgment. This Court, therefore, denies Petitioner's request for attorney's fees and costs without prejudice.

## CONCLUSION

For the foregoing reasons, the petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed April 24, 2026, is GRANTED IN PART AND DENIED IN PART. The Petition is GRANTED insofar as DHS is ORDERED to provide Petitioner with an individualized bond hearing under Title 8 United States Code Section 1226(a) within fourteen days of the filing of this Order. DHS SHALL NOT deny Petitioner's bond on the basis that Title 8 United States Code Section 1225(b)(2) requires mandatory

---

[1] This Court notes that on March 6, 2026, the Ninth Circuit has administratively stayed the Maldonado Bautista decision "insofar as the district court's judgment extends beyond the Central District of California." Maldonado Bautista et al. v. U.S. Dep't of Homeland Security et al., No. 26-1044, Order, filed 3/6/26 (dkt. no. 5), at 1. Therefore, this Court resolves the instant Petition without reliance on Maldonado Bautista.

2

3:26-cv-02635-LEK-JLB

detention. The Petition is DENIED as to Petitioner's request for immediate release from custody, and the Petition is DENIED WITHOUT PREJUDICE as to Petitioner's request for attorney's fees and costs.

The parties are DIRECTED to file a joint status report informing this Court of the outcome of the bond hearing by **June 4, 2026**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 13, 2026.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

3:26-cv-02635-LEK-JLB